**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA - EASTERN DIVISION**

SHANEEKA WALKER,                          ) Case No. ED CV 15-02577-AS
                                          )
                                          )
                Plaintiff,                ) **MEMORANDUM OPINION AND**
                                          ) **ORDER OF REMAND**
        vs.                               )
                                          )
NANCY A. BERRYHILL,[1] Acting             )
Commissioner of the Social                )
Security Administration,                  )
                                          )
                Defendant.                )
                                          )
_____          )

        Pursuant to Sentence 4 of 42 U.S.C. § 405(g), IT IS HEREBY ORDERED that this matter is remanded for further administrative action consistent with this Opinion.

//

//

//

---

        [1]  Nancy A. Berryhill is now the Acting Commissioner of Social Security and is substituted for Acting Commissioner Carolyn W. Colvin in this case. See 42 U.S.C. §405(g).

**PROCEEDINGS**

On December 18, 2015, Plaintiff Shaneeka Walker ("Plaintiff") filed a Complaint seeking review of the denial of her application for Social Security Disability Insurance Benefits. (Docket Entry No. 1). The parties have consented to proceed before the undersigned United States Magistrate Judge. (Docket Entry Nos. 11, 12). On May 3, 2016, Defendant filed an Answer and the Administrative Record ("AR"), (Docket Entry Nos. 14, 15). On December 21, 2016, the parties filed a Joint Position Statement ("Joint Stip.") setting forth their respective positions regarding Plaintiff's claims. (Docket Entry No. 28).

The Court has taken this matter under submission without oral argument. C.D. Cal. L.R. 7-15; (Docket Entry No. 8 (Order Re: Procedures In Social Security Case)).

**BACKGROUND AND SUMMARY OF PRIOR PROCEEDINGS**

On September 3, 2013, Plaintiff filed an application for Social Security Disability Insurance Benefits, alleging that she became disabled and unable to work on October 5, 2012. (AR 188-89). On October 30, 2014, and May 8, 2015, Administrative Law Judge ("ALJ") Michael D. Radensky heard testimony from, among others, Plaintiff and medical expert Kent B. Layton, Psy.D. (AR 38-59, 60-86). On June 18, 2015, the ALJ issued a decision denying Plaintiff's application for benefits. (AR 17-37).

After determining that Plaintiff had the severe impairments of mood disorder, anxiety disorder, substance abuse, obesity, and degenerative disc disease, (AR 22), the ALJ found that Plaintiff had the residual functional capacity ("RFC")[2] to perform "light work"[3] with the following limitations:

> [O]ccasional postural activities; no ladders, scaffolds, or ropes; frequent, but not constant fine and gross manipulation; avoid concentrated exposure to vibration; no unprotected heights or dangerous machinery; simple or complex, but well-learned [tasks]; and superficial contact with coworkers and the public.

(AR 24). The ALJ further determined that with these limitations Plaintiff would not be capable of performing any of her past relevant work, but that jobs existed in significant numbers in the national economy that Plaintiff could perform, such as folder, bagger, and garment sorter. (AR 31-32). The ALJ concluded that Plaintiff was not disabled within the meaning of the Social Security Act. (AR 32).

On July 8, 2015, Plaintiff timely filed a request for the Appeals Council to review the ALJ's decision. (AR 12-14). On October 23, 2015, the Appeals Council denied the request for review, and the ALJ's

---

[2]   RFC is the most a claimant can still do despite existing limitations. 20 C.F.R. § 404.1545(a)(1).

[3]   "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time." 20 C.F.R. § 404.1567(b).

decision became the final decision of the Commissioner.  (AR 1-4).  The Court reviews the Commissioner's decision pursuant to 42 U.S.C. § 405(g).

## STANDARD OF REVIEW

The Court reviews a final decision of the Commissioner to determine if the decision is free of legal error and supported by substantial evidence.  Brewes v. Comm'r of Soc. Sec. Admin., 682 F.3d 1157, 1161 (9th Cir. 2012).  "Substantial evidence" is more than a mere scintilla, but less than a preponderance.  Garrison v. Colvin, 759 F.3d 995, 1009 (9th Cir. 2014).  To determine whether substantial evidence supports a finding, "a court must consider the record as a whole, weighing both evidence that supports and evidence that detracts from the [Commissioner's] conclusion." Aukland v. Massanari, 257 F.3d 1033, 1035 (9th Cir. 2001) (internal quotations omitted).  "If the evidence can reasonably support either affirming or reversing the ALJ's conclusion, [a court] may not substitute [its] judgment for that of the ALJ." Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006).

## PLAINTIFF'S CONTENTIONS

Plaintiff alleges that the ALJ improperly discounted the opinions of (a) treating physician Geetha Puri, M.D., (b) examining physician Ernest Bagner, M.D., and (c) examining psychologist Margaret Donohue, Ph.D.  (Joint Stip. at 4).

4

1

2

**DISCUSSION**

3

4      After consideration of the record as a whole, the Court finds that

5   Plaintiff's challenge to the ALJ's consideration of the opinion of

6   Plaintiff's treating physician Dr. Puri warrants a remand for further

7   consideration.  Because remand is appropriate on this subclaim, the

8   Court declines to consider Plaintiff's remaining challenges to the ALJ's

9   consideration of the opinions of consultative examiners Drs. Bagner and

    Donohue.

10

11  **A.   The ALJ Improperly Considered Dr. Puri's Opinions**

12

13      An ALJ must take into account all medical opinions of record.  20

14  C.F.R. §§ 404.1527(b), 416.927(b).  In evaluating medical opinions, the

15  case law and regulations distinguish among the opinions of three types

16  of physicians: (1) those who treat the claimant (treating physicians);

17  (2) those who examine but do not treat the claimant (examining

18  physicians); and (3) those who neither examine nor treat the claimant

19  (nonexamining or reviewing physicians). See 20 C.F.R. §§ 404.1502,

20  404.1527,416.902, 416.927; see also Lester v. Chater, 81 F.3d 821, 830

21  (9th Cir. 1995). "Generally, a treating physician's opinion carries more

22  weight than an examining physician's, and an examining physician's

23  opinion carries more weight than a reviewing physician's." Holohan v.

24  Massanari, 246 F.3d 1195, 1202 (9th Cir. 2001); see also Lester, 81 F.3d

25  at 830-31.

26

27

28

When a treating or examining physician's opinion is contradicted by another doctor, it may only be rejected if the ALJ provides "specific and legitimate" reasons supported by substantial evidence in the record. Lester, 81 F.3d at 830-31 (citing Andrews v. Shalala, 53 F.3d 1035, 1043 (9th Cir. 1995)); see also Ryan v. Comm'r of Soc. Sec., 528 F.3d 1194, 1198 (9th Cir. 2008); compare Lester, 81 F.3d at 830 (uncontradicted treating or examining physician's opinion may be rejected only for "clear and convincing" reasons). An "ALJ can meet this burden by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir. 1989) (internal quotation marks and citation omitted). "The ALJ must do more than offer his conclusions. He must set forth his own interpretations and explain why they, rather than the doctors', are correct." Embrey v. Bowen, 849 F.2d 418, 421-22 (9th Cir. 1988).

Dr. Puri treated Plaintiff from September 2013 through February 2015, diagnosed Plaintiff with a depressive and post traumatic stress disorder, and prescribed prozac, seroquel, and risperdal. (AR 29-30; see also AR 389-99, 415-21, 537-50, 619-22).

In a medical source statement dated August 7, 2014, Dr. Puri opined that Plaintiff had "no useful ability to function" in the areas of remembering work-like procedures; understanding and remembering both very short/simple instructions and detailed instructions; carrying out detailed instructions; maintaining regular attendance and being punctual within customary, usually strict   tolerances;  sustaining an ordinary

routine without special supervision; working in coordination with or proximity to others without being unduly distracted; completing a normal workday and workweek without interruptions from psychologically-based symptoms; performing at a consistent pace without an unreasonable number and length of rest periods; accepting instructions and responding appropriately to criticism from supervisors; getting along with co-workers or peers without unduly distracting them or exhibiting behavioral extremes; responding appropriately to changes in a routine work setting; dealing with normal work stress and the stress of semiskilled and skilled work; and setting realistic goals and making plans independently of others. (Joint Stip. at 6; see also AR 418-19). Dr. Puri also characterized Plaintiff as "unable to meet competitive standards" in the areas of carrying out very short and simple instructions; maintaining attention for two-hour segments; making simple work-related decisions; asking simple questions or requesting assistance; being aware of normal hazards and taking appropriate precautions; maintaining socially appropriate behavior; traveling in unfamiliar places; and using public transportation. (AR 418-19). Dr. Puri also opined that Plaintiff had extreme functional difficulties in maintaining concentration, persistence, or pace as well as marked difficulties in maintaining social functioning. (AR 420). In addition, Dr. Puri reported that Plaintiff's impairments on average would cause her to be absent from work more than four days per month. (Id.). Dr. Puri answered "no" to the question "[i]f your patient's impairments include alcohol or substance abuse, do alcohol or substance abuse contribute to any of your patient's limitations set forth [in the medical source statement]." (AR 421).

In a medical source statement concerning drug and/or alcohol abuse dated April 28, 2015, Dr. Puri concluded that Plaintiff was unable to work on a sustained basis. (AR 624). Dr. Puri attributed Plaintiff's inability to work "to [her] underlying medical conditions, which are disabling on their own without consideration for any drug and/or alcohol abuse." (Id.). Dr. Puri further opined that "[a]bsent any drug and/or alcohol abuse, [Plaintiff] would still be unable to perform any work on a sustained basis." (Id.).

The ALJ gave the following reasons for giving Dr. Puri's opinions little weight:

> [Dr. Puri] believes the claimant is disabled with or without substance use. However, the progress notes make little mention of the claimant's substance use and do not even include a substance use diagnosis despite other medical records and the claimant's testimony indicating ongoing substance use and inconsistent statements about the claimant's last use. It appears Dr. Puri did not appreciate the extent of the claimant's substance use, as she gave virtually no attention [to] it. Thus, the undersigned gives little weight to her opinions.

(AR 29-30).[4]

---

[4] Defendant argues that the ALJ discounted Dr. Puri's opinion that Plaintiff is disabled with or without substance abuse because (1) Dr. Puri's treatment notes did not identify Plaintiff as having a substance abuse problem; (2) Plaintiff was not honest with various doctors about her use of drugs/alcohol and made inconsistent statements regarding her substance use; and (3) Dr. Layton testified that Plaintiff's abilities were impacted by her noncompliance with medical treatment and Plaintiff was capable of performing well-learned simple and complex tasks and jobs with superficial third-party contact. (Joint Stip. at 15). However, the ALJ did not articulate the second and third reasons that Defendant identifies and the Court perceives no basis for attributing the ALJ's implicit reliance on these reasons in discounting Dr. Puri's opinion. Therefore, the Court will not affirm the ALJ's decision to give little

(continued...)

The ALJ did not provide specific and legitimate reasons supported by substantial evidence in the record for rejecting Dr. Puri's opinions. First, while Dr. Puri did not include a substance use diagnosis and treatment notes made "little mention of . . . substance use," (AR29-30), other physicians similarly failed to diagnose a substance use disorder or discuss substance use in their notes, and the ALJ did not equally discount these opinions. Instead, for example, the ALJ gave "some weight" to the opinions of Dr. Bagner even though Bagner – like Dr. Puri – failed to diagnose Plaintiff with a substance use disorder. (AR 410-14). Dr. Bagner's treatment notes also made little mention of substance use, (compare AR 410-11 (report of Dr. Bagner indicating that Plaintiff consumed one drink per week and denied a history of substance abuse) with AR 395 (report of Dr. Puri noting no substance use)), and yet the ALJ did not similarly discount Dr. Bagner's opinion. Nor did the ALJ discount the opinion of the state agency consultant Dr. Alan Berkowitz even though Berkowitz's notes report no evidence of substance abuse. (AR 30 (assigning "some weight" to Dr. Berkowitz's opinion although Berkowitz reports that "[t]here is no evidence of any substance abuse disorder/DAA [Drug Addiction and/or Alcoholism[5]]") (quoting AR 98); see also id. (assigning opinion of state agency psychological consultant Brady Dalton, Psy.D., "some weight" although Dalton reported that "[s]ubstance abuse is documented, but a DAA material determination is not required") (quoting AR 116)). Because several physicians committed

---

[4] (...continued)
weight to Dr. Puri's opinion based on the second and third reasons identified by Defendant. Cf. Pinto v. Massanari, 249 F.3d 840, 847-48 (9th Cir. 2001).

[5] See Program Operations Manual System, GN 0440.001 List of Acronyms, Soc. Sec. Admin. (July 2, 2012), https://secure.ssa.gov/apps10/poms.nsf/lnx/0204440001.

the same omissions that the ALJ relies on to discount Dr. Puri's opinions, and the ALJ did not assign little weight to these opinions, Dr. Puri's omissions are not a legitimate reason supported by substantial evidence for discounting Dr. Puri's opinions.

Second, while Dr. Puri did not diagnose Plaintiff with a substance use disorder, substance use alone is not sufficient to meet the criteria for a substance use disorder diagnosis. See Diagnostic and Statistical Manual of Mental Disorders, Fifth Edition ("DSM-5") (2013) (patient must meet two or more of eleven criteria within a twelve-month period to merit a substance use disorder diagnosis). Dr. Puri recognized that Plaintiff "abuse[d]" substances. (AR 421) (answering "no" to the question "[i]f your patient's impairments include alcohol or substance abuse, do alcohol or substance abuse contribute to any of your patient's limitations")). As Plaintiff's treating physician, it was Dr. Puri – not the ALJ – who was charged with assessing whether Plaintiff met the criteria for a substance use disorder. The ALJ was not entitled to substitute his judgment for the clinical judgment of Dr. Puri.[6]

---

[6] An ALJ may not render his own medical opinion or substitute his own diagnosis for that of the claimant's physician. See Tackett v. Apfel, 180 F.3d 1094, 1102 (9th Cir. 1999); see also Day v. Weinberger, 522 F.2d 1154, 1156 (9th Cir. 1975) (hearing examiner erred by failing to "set forth any specific reasons for rejecting the ... doctors' uncontroverted conclusions" and instead making "his own exploration and assessment as to claimant's physical condition" even though he "was not qualified as a medical expert"); Gonzalez Perez v. Sec'y of Health & Human Servs., 812 F.2d 747, 749 (1st Cir. 1987) (ALJ may not "substitute his own layman's opinion for the findings and opinion of a physician"); Ferguson v. Schweiker, 765 F.2d 31, 37 (3d Cir. 1985) (ALJ may not substitute his interpretation of laboratory reports for that of a physician); McBrayer v. Sec'y of Health and Human Servs., 712 F.2d 795, 799 (2d Cir. 1983) (ALJ cannot arbitrarily substitute own judgment for competent medical opinion).

Additionally, the ALJ relied on Dr. Puri's failure to diagnose Plaintiff with a substance use disorder and the absence of (in the ALJ's estimation) sufficient mention of Plaintiff's substance use in the treatment notes in giving Dr. Puri's opinion little weight. While conflicts between a physician's opinions and treatment notes may constitute a legitimate reason for discounting a treating source's opinions, Rollins v. Massanari, 261 F.3d 853, 856 (9th Cir. 2001), here, the ALJ did not identify any conflicts. Instead, the ALJ merely noted the absence of a substance abuse diagnosis and purported insufficient attention to substance use. These omissions were not in conflict with Dr. Puri's opinions but rather were consistent with Dr. Puri's opinion that Plaintiff's substance use did not play a role in her limitations. The ALJ may have disagreed with Dr. Puri's opinion. However, the ALJ was not entitled to substitute his judgment for that of Plaintiff's treating psychiatrist. Cf. Tackett, 180 F.3d at 1102; Day, 522 F.2d at 1156. Instead, the ALJ was charged with identifying the necessary conflicting evidence, stating his interpretations of this evidence, explaining why his own interpretations of this evidence – rather than Dr. Puri's – were correct, and making the required findings. Cf. Magallanes, 881 F.2d at 751; Embrey, 849 F.2d at 421-22. The ALJ failed to do so.

Third, while the ALJ challenged Dr. Puri's opinion that Plaintiff is disabled with or without substance use, the ALJ did not explain with the requisite specificity how Dr. Puri's failure to diagnose Plaintiff with a substance use disorder or further document substance use constituted reasons for discounting Dr. Puri's other opinions regarding Plaintiff's functioning in various work-related areas. (AR 418-20

11

(opining that Plaintiff has "no useful ability to function" in sixteen areas and is "unable to meet competitive standards in eight areas; Plaintiff has extreme functional difficulties in maintaining concentration, persistence, or pace and marked difficulties in maintaining social functioning; and Plaintiff's impairments on average would cause her to be absent from work more than four days per month)). An "ALJ must do more than offer his conclusions.  He must set forth his own interpretations and explain why they, rather than the doctors', are correct." Embrey, 849 F.2d at 421-22.  The ALJ did not satisfy this burden.

For these reasons, the ALJ failed to provide specific and legitimate reasons supported by substantial evidence in the record for giving "little weight" to Dr. Puri's opinions.

**B.   Remand is Warranted**

The decision whether to remand for further proceedings or order an immediate award of benefits is within the district court's discretion. Harman v. Apfel, 211 F.3d 1172, 1175-78 (9th Cir. 2000).  Where no useful purpose would be served by further administrative proceedings or where the record has been fully developed, it is appropriate to exercise this discretion to direct an immediate award of benefits.  Id. at 1179 ("[T]he decision of whether to remand for further proceedings turns upon the likely utility of such proceedings.").  Where, however, as here, the circumstances suggest that further administrative review could remedy the Commissioner's errors, remand is appropriate.  McLeod v. Astrue, 640 F.3d 881, 888 (9th Cir. 2011); Harman, 211 F.3d at 1179-81.

12

1   The ALJ failed to provide specific and legitimate reasons,
2   supported by substantial evidence in the record, for discounting Dr.
3   Puri's opinions.  Thus, remand is appropriate.  Because outstanding
4   issues must be resolved before a determination of disability can be
5   made, cf. Varney v. Sec'y of HHS, 859 F.2d 1396, 1401 (9th Cir. 1988),
6   and "when the record as a whole creates serious doubt as to whether the
7   [Plaintiff] is, in fact, disabled within the meaning of the Social
8   Security Act," further administrative proceedings would serve a useful
9   purpose and remedy defects.  Burrell v. Colvin, 775 F.3d 1133, 1141 (9th
10  Cir. 2014) (citations omitted).

12      The Court has not reached any other issue raised by Plaintiff
13  except insofar as to determine that reversal with a directive for the
14  immediate payment of benefits would not be appropriate at this time.

**ORDER**

18      For the foregoing reasons, the decision of the Commissioner is
19  reversed, and the Court remands the matter for further proceedings
20  pursuant to Sentence 4 of 42 U.S.C. § 405(g).

22      LET JUDGMENT BE ENTERED ACCORDINGLY.

24  DATED:  January 27, 2017

                                    /s/
                              ALKA SAGAR
                        UNITED STATES MAGISTRATE JUDGE

13